NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABHIJIT PRASAD,

          Plaintiff-Appellant,

  v.

GAIL SIMMONS; GUADALUPE
ACEZES; SANTA CLARA COUNTY
DEPARTMENT OF SOCIAL SERVICES;
COUNTY OF SANTA CLARA,

          Defendants-Appellees.

No.   19-15799

D.C. No. 5:15-cv-04933-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted June 3, 2020[**]
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and KANE,[***] District
Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]   The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

Plaintiff-Appellant Abhijit Prasad appeals the district court's grant of summary judgment in favor of Defendants-Appellees Gail Simmons, Guadalupe Acezes, Santa Clara County Department of Social Services, and County of Santa Clara (collectively the "County"), in his action against the County under 42 U.S.C. § 1983. In 2010, the County determined that Prasad had sexually abused his oldest daughter, but not his youngest. Based on these conclusions, the County submitted Prasad's name to the California Department of Justice for mandatory listing in a statewide database, the Child Abuse Central Index ("CACI"), but mistakenly indicated that Prasad had abused both of his children on the reporting form. Despite this mistake, and unbeknownst to the County at the time, Prasad's information was not actually listed in CACI—either correctly for abuse of one of his children or incorrectly for abuse of both. Prasad was nevertheless granted a grievance hearing in 2010 to challenge his inclusion in CACI, which he lost. In 2015, the County discovered its errors and attempted to correct them by submitting Prasad's name to CACI via a new reporting form. Prasad requested another grievance hearing to challenge his 2015 listing in CACI, which the County denied. According to Prasad, the County's actions violated his due process rights and give rise to a claim for intentional infliction of emotional distress. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's grant of summary judgment for the County.

2

Under *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1201 (9th Cir. 2009), and state law, Prasad was entitled to a hearing to challenge his inclusion in CACI based on his substantiated abuse allegation from 2010. Prasad does not dispute that he received this hearing in 2010 and is unable to show why he is entitled under due process to a second hearing when his allegation was finally correctly submitted for inclusion in CACI in 2015. Prasad fails to raise a genuine issue of material fact as to his claim that the 2015 CACI listing was based on "new" or different allegations than the ones previously investigated in 2009 and adjudicated at his hearing in 2010. Nor has Prasad otherwise shown that the County's five-year delay in submitting his 2010 allegation to CACI, or its other mistakes since Prasad's 2010 hearing, caused him to suffer "stigma from governmental action plus alteration or extinguishment of 'a right or status previously recognized by state law.'" *Id.* at 1185 (quoting *Paul v. Davis*, 424 U.S. 693, 711 (1976)). Thus, we affirm the district court's grant of summary judgment for the County on Prasad's due process claim. Because Prasad failed to raise a triable issue of fact regarding a deprivation of his due process rights, we need not reach the issues of individual liability and qualified immunity. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The district court also did not err by granting summary judgment for the County on Prasad's claim for intentional infliction of emotional distress. The

district court correctly concluded that because Prasad's due process rights were not violated, there was no injury, and that the County's conduct was not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (internal citations and quotation marks omitted). Although Prasad argues that the County's actions leading to his 2015 inclusion in CACI caused him severe emotional distress, he is unable to present any genuine issue of material fact that the County's conduct was intentional or that it met the high bar required for his claim.

**AFFIRMED.**